FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN 0 4 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SALVATORE RIZZA,

                Plaintiff,

    -against-

CATHIE BLACK, *as Chancellor of the Board of Education of the City of New York*, and MARLON D. BYNUM, *as Principal of Franklin K. Lane High School*,

                Defendants.
---------------------------------------------------------------X

**ORDER**

**11-CV-323 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Salvatore Rizza, a high school teacher employed by the New York City Board of Education, brings this pro se action, pursuant to 42 U.S.C. § 1983, against Defendants Cathie Black, then-Chancellor of the Board of Education, and Marlon D. Bynum, the principal of Franklin K. Lane High School. (Compl. (Docket Entry # 1).) Plaintiff alleges that Defendants denied him procedural due process by recording an unsatisfactory rating in his personnel file after an allegedly deficient administrative hearing, and then failing to permanently reassign him to a new school after he was removed from Franklin K. Lane High School. (Id. ¶¶ 9-18.)

    On September 28, 2011, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry # 20.) The court had previously ordered that Defendants' motion to dismiss, once fully briefed, would be referred to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). (Docket Entry # 13.) Plaintiff filed an opposition. (Aff. in Opp'n (Docket Entry # 24).) Defendants did not reply.

1

On May 7, 2012, Judge Bloom issued an R&R recommending that Defendants' motion to dismiss be granted with prejudice on the ground that Defendants had not deprived Plaintiff of a protected property or liberty interest. (R&R (Docket Entry # 25) at 11.) In addition, Judge Bloom recommended that two exhibits annexed to Defendants' motion not be considered and that certain alternative arguments made by Defendants be rejected. (Id. at 4 n.3, 11 n.7.)

On May 24, 2012, Defendants filed written objections to the portions of R&R recommending that their exhibits not be considered and that their alternative arguments be rejected. (Def. Objections (Docket Entry # 26).) Plaintiff, however, did not object to the R&R, and the time to do so has now passed. See Fed. R. Civ. P. 72(b)(2).

Because Plaintiff failed to object to the R&R, the court reviews for clear error the portion of the R&R recommending that Defendants' motion to dismiss be granted on the ground that Defendants had not deprived Plaintiff of a protected property or liberty interest. See La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010). The court finds no clear error in Judge Bloom's well-reasoned analysis of these issues, and thus ADOPTS that portion of the R&R, including Judge Bloom's recommendation that Plaintiff not be granted leave to amend his Complaint. (See R&R at 11-12.) Cf. LaBounty v. Kinkhabwala, 2 Fed. App'x 197, 200 (2d Cir. 2001) ("[L]eave to amend need not be given if the complaint does not indicate a valid claim may be stated."); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (a "futile request to replead," even by a pro se litigant, "should [ ] be denied"). The court need not address the portions of the R&R to which Defendants objected.

Accordingly, Defendants' motion to dismiss is GRANTED WITH PREJUDICE. The

2

Clerk of Court is directed to enter judgment and close this case.

    SO ORDERED.

                                                                        s/Nicholas G. Garaufis

Dated: Brooklyn, New York                         NICHOLAS G. GARAUFIS
       May 29, 2012                                 United States District Judge